**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SIGUENZA GARAY, | No. 22-881 |
| Petitioner, | Agency No. A208-901-159 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted **

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Jose Siguenza Garay, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("Board") order affirming without

opinion an immigration judge's decision denying his application for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the Board's legal conclusions de novo and the Boards's factual findings for substantial evidence. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). We deny the petition for review.

We do not disturb the Board's determination that Siguenza Garay failed to establish he suffered past persecution because the mistreatment he suffered was not shown to be on account of a protected ground.

The Board did not err in concluding that Siguenza Garay's proposed particular social group is not cognizable. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (holding proposed particular social group lacked social distinction because the record failed to establish society perceived its members as a distinct group). Siguenza Garay's contentions regarding newly proposed particular social groups and a political opinion claim are not properly before us because he failed to raise them before the Board. *See* 8 U.S.C. § 1252(d)(1); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*.

Accordingly, Siguenza Garay's asylum claim fails.

Because Siguenza Garay failed to establish eligibility for asylum, he fails to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*,

990 F.3d 1173, 1183 (9th Cir. 2021).

Substantial evidence supports the Board's denial of CAT relief because Siguenza Garay failed to show he is more likely than not to be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

We do not consider the materials Siguenza Garay references in his opening brief that are not part of the administrative record. *See Fisher v. I.N.S.*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**